IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:06-672-CMC |
| v. | |
| Karl Reginald Dunmore, | **Opinion and Order** |
| Defendant. | |

On June 27, 2016, Defendant filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his sentence in light of *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016). ECF No. 56. The Government filed a motion for summary judgment and a memorandum in support/response in opposition to Defendant's § 2255 motion. ECF Nos. 62, 63. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the response procedure and the consequences if he failed to respond. ECF No. 65. Defendant did not file a response, and the time to do so has expired.

### I.  Background

On June 21, 2006, Defendant was indicted for Possession with Intent to Distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A), using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and felon in possession of a firearm in violation of 21 U.S.C. §§ 922 (g)(1) and 924(e). ECF No. 2. On June 26, 2006, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that a conviction on count 1 would subject him to a mandatory life sentence based on three prior convictions for felony drug offenses. ECF No. 9.

On February 8, 2007, Defendant entered into a written amended plea agreement to plead guilty to counts 2 and 3 of the Indictment, carrying a firearm in relation to a drug trafficking crime and felon in possession, respectively. ECF No. 34. As a part of the plea agreement, Defendant waived his right to file a motion for relief under § 2255 except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct. The Government stipulated for purposes of sentencing that Defendant was an Armed Career Criminal as a result of at least three prior convictions for violent felonies or serious drug offenses. Id. at ¶ 17. Thereafter, Defendant appeared before this court and pled guilty as above. ECF No. 37.

A Pre-Sentence Report (PSR) concluded Defendant had four prior felony convictions for controlled substance offenses[1] and two convictions for violent felonies or crimes of violence.[2] Therefore, he was classified as a career offender pursuant to U.S.S.G. §4B1.1(b) and an Armed Career Criminal pursuant to § 924(e). ECF No. 46. Defendant's guideline range was 262-327 months. His statutory mandatory minimum sentence for his felon in possession conviction, enhanced by the ACCA, was 15 years, and his statutory minimum sentence on the § 924(c) count was 60 months consecutive.

---

[1] The four drug offenses are: 1) a 1999 conviction for possession with intent to distribute cocaine, 2) a February 2000 conviction for possession with intent to distribute cocaine, 3) a November 2000 conviction for distribution of cocaine, and 4) a 2001 conviction for possession with intent to distribute crack cocaine.

[2] The convictions for violent felonies/crime of violence are failure to stop for a blue light and pointing and presenting a firearm.

2

On April 19, 2007, Defendant appeared for sentencing. ECF No. 42. The court sentenced Defendant to 262 months imprisonment, consisting of 202 months on count 3 and 60 months on count 2, to be served consecutively. ECF No. 43.

## II.     Impact of *Johnson* and *Welch*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), holding that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

Defendant is categorized as both an Armed Career Criminal and a career offender. Therefore, in order for him to be entitled to relief, the newly recognized right established in *Johnson* must be applicable not only to the ACCA, but to the career offender portion of the Sentencing Guidelines which, at the time of Defendant's sentencing, contained a residual clause in its definition of "crime of violence."[3] That residual clause, similar to the one in the ACCA, explained that "any other offense that is a felony and that, by its nature, involves a substantial risk

---

[3] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

3

that physical force against the person or property of another may be used in the course of committing the offense" may be used as a predicate offense for career offender purposes. 18 U.S.C. § 16 (b); U.S.S.G. § 4B1.2 (2008).

The Fourth Circuit recently noted that it was "not persuaded" that *Johnson* applied only to the ACCA's residual clause and not the residual clause found in § 16(b). *See In re Creadell Hubbard*, No. 15-276, __ F.3d __, 2016 WL 3181417, at *3 (4th Cir. June 8, 2016). Although dealing with the standard for review of an application under § 2244 for permission to file a second or successive § 2255 motion, instead of the standard for relief under § 2255, the Fourth Circuit suggested that the residual clause of § 16(b) may also be invalidated by *Johnson*. *Id.* The Supreme Court has granted *certiorari* in *United States v. Beckles*, No. 15-8544, in order to determine whether *Johnson* applies to the career offender guideline.

### III.    Discussion

In this case it is not necessary to decide whether the residual clause in the career offender guideline was invalidated by *Johnson*, and therefore unnecessary to await the Supreme Court's decision in *Beckles*. While Defendant was categorized as an Armed Career Criminal and a career offender in the PSR, these designations stand based on Defendant's four prior felony convictions for serious drug offenses.[4]

---

[4] While Defendant also has failure to stop for blue light and pointing and presenting convictions that serve as predicates for both ACCA and career offender status, it is not necessary to consider these convictions because Defendant's four convictions for serious drug offenses qualify him for both enhancements.

*Johnson* and *Welch* deal with the ACCA residual clause's definition of violent felony, and *Beckles* concerns the career offender guideline's definition of crime of violence. None of these cases address predicate convictions based on drug offenses. Accordingly, the possible application of *Johnson's* reasoning to the career offender guideline would provide Defendant no relief.[5]

## IV.   Conclusion

Defendant's challenge to his Armed Career Criminal and career offender status fails because Defendant has four prior convictions for serious drug offenses, which are unaffected by *Johnson* or its progeny. The Government's motion for summary judgment is granted and Defendant's § 2255 motion is hereby dismissed.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

---

[5] The Government also asserts that Defendant's motion is barred by waiver and is untimely. Because the court has determined that *Johnson* offers Defendant no relief, it declines to reach these issues.

5

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

                                      s/ Cameron McGowan Currie
                                      CAMERON MCGOWAN CURRIE
                                      Senior United States District Judge

Columbia, South Carolina
November 8, 2016